UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE GRAND JURY SUBPOENA<br>GJ 42-67 | ) CASE NO. 23-gj-___<br>)<br>) UNDER SEAL AND *EX PARTE*<br>)<br>) GRAND JURY NO. 22-6<br>) |

## MOTION FOR ORDER AUTHORIZING DISCLOSURE

The government has filed a sealed motion requesting the Court to conduct an inquiry into potential conflicts of interests ("conflicts hearing motion") that may arise from attorney Stanley Woodward, Jr.'s simultaneous representation of ▮▮▮▮▮, a target of an ongoing grand jury investigation in this district, and Waltine Nauta, a defendant charged with several offenses in the Southern District of Florida. *See United States v. Donald J. Trump & Waltine Nauta*, No. 23-cr-80101 (S.D. Fla.) ("Florida case"). The government now moves for an order permitting the government to (1) serve a copy of the conflicts hearing motion, which is protected by grand jury secrecy rules, on ▮▮▮▮▮ (through Woodward), and (2) file a notice in the Florida case informing the district court in that case of the conflicts hearing motion and attaching a copy of the motion to the notice, thereby disclosing the conflicts hearing motion to the district court and the parties in the Florida case.

By Local Rule of this Court, because the proceeding on the conflicts hearing motion is "in connection with a grand jury subpoena or other matter occurring before a grand jury, all other papers filed in support of or in opposition to [the] motion . . . shall be filed under seal," and all hearings "shall be closed." D.D.C. LCrR

6.1. Accordingly, the proceeding on the conflicts hearing motion must not be made public except by order of the Court. *See id.* ("Papers, orders and transcripts of hearings subject to this Rule, or portions thereof, may be made public by the Court on its own motion or on motion of any person upon a finding that continued secrecy is not necessary to prevent disclosure of matters occurring before the grand jury."). These requirements advance the important public and private interests served by the grand jury secrecy requirement contained in Federal Rule of Criminal Procedure 6(e). *See, e.g., United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 424 (1983). At the same time, Rule 6(e) permits the Court to authorize the disclosure of a grand jury matter "preliminarily to or in connection with a judicial proceeding." Fed. R. Crim. P. 6(e)(3)(E).* The government must secure permission from a court overseeing a grand jury investigation before disclosing materials protected under Rule 6(e) to another district court. *See In re Sealed Case*, 250 F.3d 764, 768-70 (D.C. Cir. 2001).

The government requests the Court to permit the disclosure of the conflicts hearing motion to ▇▇▇▇ (through Woodward) and through a docket notice to be filed in the Florida case attaching a copy of the conflicts hearing motion. Disclosure of the conflicts hearing motion will alert ▇▇▇▇, Woodward, and the parties and the district court judge presiding over the Florida case of the potential conflicts

---

* The government's request for permission to disclose the conflicts hearing motion is relevant to the judicial proceeding in the Southern District of Florida, but it does not "arise[] out of a judicial proceeding in another district," *see* Fed. R. Crim. P. 6(e)(3)(G), such that the additional requirements under Rule 6(e)(3)(G) do not apply.

described in that motion. Because the government will file the docket notice and the copy of the conflicts hearing motion under seal in the Florida case, the government does not seek to unseal any matters.

A proposed order granting the government's motion is attached.

                                      Respectfully submitted,

                                      JACK SMITH
                                      Special Counsel
                                      N.Y. Bar No. 2678084

By:    /s/ *John M. Pellettieri*
           John M. Pellettieri (N.Y. Bar No. 4145371)
           James I. Pearce (N.C. Bar No. 44691)
           Cecil VanDevender (Tenn. Bar No. 029700)
           Assistant Special Counsels

June 27, 2023

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE GRAND JURY SUBPOENA<br>GJ 42-67 | ) CASE NO. 23-gj- ___<br>)<br>) UNDER SEAL<br>)<br>) GRAND JURY NO. 22-6<br>) |

## PROPOSED ORDER AUTHORIZING DISCLOSURE

The government has filed a motion requesting the Court to conduct an inquiry into potential conflicts of interests ("conflicts hearing motion") that may arise from attorney Stanley Woodward, Jr.'s simultaneous representation of ▮▮▮▮▮, a target of an ongoing grand jury investigation in this district, and Waltine Nauta, a defendant charged with several offenses in the Southern District of Florida. *See United States v. Donald J. Trump & Waltine Nauta,* No. 23-cr-80101 (S.D. Fla.) ("Florida case"). The government seeks authorization to disclose the conflicts hearing motion to ▮▮▮▮▮ (through counsel, Woodward) and through a sealed docket notice in the Florida case, attaching a copy of the conflicts hearing motion.

By Local Rule of this Court, because the proceeding on this motion is "in connection with a grand jury subpoena or other matter occurring before a grand jury, all other papers filed in support of or in opposition to [the] motion . . . shall be filed under seal," and all hearings "shall be closed." D.D.C. LCrR 6.1. Accordingly, the proceeding on the motion must not be made public except by order of the Court. *See id.* ("Papers, orders and transcripts of hearings subject to this Rule, or portions

- 1 -

thereof, may be made public by the Court on its own motion or on motion of any person upon a finding that continued secrecy is not necessary to prevent disclosure of matters occurring before the grand jury."). These requirements advance the important public and private interests served by the grand jury secrecy requirement contained in Federal Rule of Criminal Procedure 6(e). *See, e.g.*, *United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 424 (1983) ("[I]f preindictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony. Moreover, witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as to inducements. There also would be the risk that those about to be indicted would flee, or would try to influence individual grand jurors to vote against indictment. Finally, by preserving the secrecy of the proceedings, we assure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule." (quoting *Douglas Oil v. Petrol Stops Northwest*, 441 U.S. 211, 218 (1979)). *See also McKeever v. Barr*, 920 F.3d 842, 844-45 (D.C. Cir. 2019) (articulating the "vital interests" safeguarded by Federal Rule of Criminal Procedure 6(e)).

At the same time, Rule 6(e) permits the Court to authorize the disclosure of a grand jury matter "preliminarily to or in connection with a judicial proceeding." Fed. R. Crim. P. 6(e)(3)(E). The government must secure permission from a court overseeing a grand jury investigation before disclosing materials protected under Rule 6(e) to another district court. *See In re Sealed Case*, 250 F.3d 764, 768-70 (D.C.

Cir. 2001). Disclosure of the conflicts hearing motion will alert the parties and the district court judge presiding over the Florida case of the potential conflicts described in that motion.

To ensure adherence to Local Criminal Rule 6.1, Federal Rule of Criminal Procedure 6(e), and the interests underlying those rules, it is:

1. **ORDERED** that the government is authorized to serve ▬▬ ▬▬ through counsel, Stanley Woodward Jr., with a copy of this Order and the conflicts hearing motion; it is further

2. **ORDERED** that the government is authorized to file a notice in the Florida case under seal disclosing the conflicts hearing motion and attaching a copy of that motion, and to serve the parties in the Florida case, through counsel, with a copy of the notice and motion;

**IT IS SO ORDERED.**

DATE: JUNE ___, 2023.

_____
JAMES E. BOASBERG
CHIEF JUDGE