## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

IN RE GRAND JURY SUBPOENA
GJ 42-67

)
)
)
)
)
)
)

CASE NO. 23-gj- $\cancel{4}\varrho$

UNDER SEAL

GRAND JURY NO. 22-6

### PROPOSED ORDER AUTHORIZING DISCLOSURE

The government has filed a motion requesting the Court to conduct an
inquiry into potential conflicts of interests ("conflicts hearing motion") that may
arise from attorney Stanley Woodward, Jr.'s simultaneous representation of
███████, a target of an ongoing grand jury investigation in this district, and Waltine
Nauta, a defendant charged with several offenses in the Southern District of
Florida. *See United States v. Donald J. Trump & Waltine Nauta*, No. 23-cr-80101
(S.D. Fla.) ("Florida case"). The government seeks authorization to disclose the
conflicts hearing motion to ███████ (through counsel, Woodward) and through a
sealed docket notice in the Florida case, attaching a copy of the conflicts hearing
motion.

By Local Rule of this Court, because the proceeding on this motion is "in
connection with a grand jury subpoena or other matter occurring before a grand
jury, all other papers filed in support of or in opposition to [the] motion . . . shall be
filed under seal," and all hearings "shall be closed." D.D.C. LCrR 6.1. Accordingly,
the proceeding on the motion must not be made public except by order of the Court.
*See id.* ("Papers, orders and transcripts of hearings subject to this Rule, or portions

- 1 -

thereof, may be made public by the Court on its own motion or on motion of any person upon a finding that continued secrecy is not necessary to prevent disclosure of matters occurring before the grand jury."). These requirements advance the important public and private interests served by the grand jury secrecy requirement contained in Federal Rule of Criminal Procedure 6(e). *See, e.g., United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 424 (1983) ("[I]f preindictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony. Moreover, witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as to inducements. There also would be the risk that those about to be indicted would flee, or would try to influence individual grand jurors to vote against indictment. Finally, by preserving the secrecy of the proceedings, we assure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule." (quoting *Douglas Oil v. Petrol Stops Northwest*, 441 U.S. 211, 218 (1979)). *See also McKeever v. Barr*, 920 F.3d 842, 844-45 (D.C. Cir. 2019) (articulating the "vital interests" safeguarded by Federal Rule of Criminal Procedure 6(e)).

At the same time, Rule 6(e) permits the Court to authorize the disclosure of a grand jury matter "preliminarily to or in connection with a judicial proceeding." Fed. R. Crim. P. 6(e)(3)(E). The government must secure permission from a court overseeing a grand jury investigation before disclosing materials protected under Rule 6(e) to another district court. *See In re Sealed Case*, 250 F.3d 764, 768-70 (D.C.

Cir. 2001). Disclosure of the conflicts hearing motion will alert the parties and the district court judge presiding over the Florida case of the potential conflicts described in that motion.

To ensure adherence to Local Criminal Rule 6.1, Federal Rule of Criminal Procedure 6(e), and the interests underlying those rules, it is:

1.    **ORDERED** that the government is authorized to serve 

████, through counsel, Stanley Woodward Jr., with a copy of this Order and the conflicts hearing motion; it is further

2.    **ORDERED** that the government is authorized to file a notice in the Florida case under seal disclosing the conflicts hearing motion and attaching a copy of that motion, and to serve the parties in the Florida case, through counsel, with a copy of the notice and motion;

**IT IS SO ORDERED.**

DATE: JUNE _27_, 2023.

JAMES E. BOASBERG
CHIEF JUDGE

- 3 -