IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IN RE GRAND JURY SUBPOENA | * * * * * ****** | CASE NO. 23-gj-46<br><br>FILED UNDER SEAL |

### *EX PARTE* MOTION OF THE UNITED STATES FOR AN ORDER AUTHORIZING DISCLOSURE OF GRAND JURY MATERIAL

The United States of America, by the undersigned attorneys, hereby moves for an order authorizing the disclosure of grand jury material pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E)(i), and in support thereof states the following:

1. On March 23, 2023, with Stanley Woodward Jr. acting as his counsel, ▮▮▮ testified before Grand Jury 22-6 in relation to the grand jury's investigation into former President Donald J. Trump's retention of classified documents and obstruction of justice. On June 20, 2023, pursuant to United States Justice Manual § 9-11.151, the government advised Mr. Woodward that ▮▮▮ is a target of the investigation and a putative defendant. On June 27, 2023, the government permitted Mr. Woodward to review the transcript of ▮▮▮'s grand jury testimony at the government's offices. Due to an oversight, the government did not seek an order from the Court prior to permitting Mr. Woodward to review the transcript.

2. On June 27, 2023, the government filed a motion with the Court requesting a conflicts hearing to inquire into potential conflicts of interest arising from Mr. Woodward's concurrent representation of ▮▮▮ and Waltine Nauta. The Court ordered a hearing to be held at 4 p.m. on June 30, 2023, and appointed ▮▮▮ ▮▮▮ to serve as independent conflicts counsel.

3. ▓▓▓▓▓ has requested to review the transcript of ▓▓▓▓ 's grand jury testimony.

4. Federal Criminal Rule 6(e)(3)(E)(i) permits the Court to authorize disclosure – at a time, in a manner, and subject to any conditions that it directs – of a grand jury matter "preliminarily to or in connection with a judicial proceeding."

5. "Disclosure of grand jury information is proper under this exception when three requirements are satisfied. The person seeking disclosure must first identify a relevant 'judicial proceeding' within the meaning of Rule 6(e)(3)(E)(i); then, second, establish that the requested disclosure is 'preliminary to' or 'in connection with' that proceeding; and, finally, show a 'particularized need' for the requested grand jury materials." *In re Capitol Breach Grand Jury Investigations Within District of Columbia*, 339 F.R.D. 1, 23 (D.D.C. 2021).

6. First, the forthcoming conflicts hearing is a judicial proceeding within the meaning of Rule 6(e)(3)(E)(i).

7. Second, the requested disclosure is both preliminary to and in connection with the proceeding.

8. Third, a particularized need exists. ▓▓▓▓▓ has informed the government that review of the transcript would help her discharge her responsibilities as court-appointed conflicts counsel.

        Respectfully submitted,

        JACK SMITH
        Special Counsel

        By: */s/ John M. Pellettieri*
        John M. Pellettieri
        Assistant Special Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| | * | |
| IN RE GRAND | * | CASE NO. 23-gj-46 |
| JURY SUBPOENA | * | |
| | * | FILED UNDER SEAL |
| | * | |
| | ****** | |

### ORDER AUTHORIZING DISCLOSURE OF GRAND JURY MATERIAL

Upon consideration of the *Ex Parte* Motion of the United States for an Order Authorizing Disclosure of Grand Jury Material, it is hereby ORDERED this _____ day of June 2023, that:

1. The requested disclosure is GRANTED;

2. The Government may permit conflicts counsel to review a transcript of ▆▆▆▆'s grand jury testimony; and

3. The Government's *Ex Parte* Motion and this Order shall be sealed.

_____  
Date

_____  
Hon. James E. Boasberg  
Chief United States District Judge