# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IN RE GRAND JURY SUBPOENA GJ 42-67 | ) ) ) ) ) ) ) | CASE NO. 1:23-gj-46 <br><br> UNDER SEAL AND *EX PARTE* <br><br> GRAND JURY NO. 22-6 |

## MOTION FOR ORDER AUTHORIZING DISCLOSURE

On June 27, 2023, the government filed a sealed motion asking the Court to conduct an inquiry into potential conflicts of interests arising from attorney Stanley Woodward, Jr.'s simultaneous representation of ███████ and Waltine Nauta ("conflicts hearing motion"); and a separate sealed motion seeking Court authorization to disclose the conflicts hearing motion by, among other things, attaching a copy of the motion to a sealed notice to be filed in *United States v. Donald J. Trump, Waltine Nauta, and Carlos De Oliveira*, No. 23-cr-80101 (S.D. Fla.) ("Florida case"). The Court granted both motions, and the government filed the sealed notice, with a copy of the conflicts hearing motion attached, the same day.

After conducting a conflicts hearing on June 30 and July 5, 2023, the Court, at ██████'s request, appointed First Assistant Federal Public Defender ████ ██████ to represent ██████ going forward. Represented by ██████, ██████ then entered into a cooperation agreement with the government and testified before the grand jury in the Southern District of Florida on July 20, 2023. The grand jury returned a superseding indictment in the Florida case on July 27, 2023.

The government presently intends to file a motion in the Florida case requesting a hearing—referred to in the Eleventh Circuit as a *Garcia* hearing, *see United States v. Garcia*, 517 F.2d 272 (5th Cir. 1975)—to inquire into potential conflicts arising from, among other things, Woodward's representation of Nauta during a trial at which ████, his former client, is expected to testify against Nauta and be subject to cross-examination about false statements ████ made during the time that Woodward represented him. The government further believes that the court in the Florida case—which was previously notified of the filing of the conflicts hearing motion—should now be notified of all relevant information related to the conflicts hearing, since that information may assist the court in determining whether to hold a *Garcia* hearing and in resolving any issues that arise therefrom.

The government therefore moves for an order permitting it to disclose to the court in the Florida case all information related to the conflicts hearing, including the fact and dates of the hearing, the resulting appointment of AFPD ████ to represent ████, and, if necessary, any filings, orders, or transcripts associated with the conflicts hearing. The government initially intends to include such information only in a sealed supplement to its motion for a *Garcia* hearing. But, to ensure that it does not need to return to the Court for further disclosure orders, the government also seeks authorization to disclose information related to the conflicts hearing more broadly in the Florida case, as the need arises, including in briefing and in-court statements related to the *Garcia* hearing.

By Local Rule of this Court, because the proceeding on the conflicts hearing motion was "in connection with a grand jury subpoena or other matter occurring before a grand jury, all other papers filed in support of or in opposition to [the] motion" were "filed under seal," with the conflicts hearing itself "closed." D.D.C. LCrR 6.1. Accordingly, the proceeding on the conflicts hearing motion must not be made public except by order of the Court. *See id.* ("Papers, orders and transcripts of hearings subject to this Rule, or portions thereof, may be made public by the Court on its own motion or on motion of any person upon a finding that continued secrecy is not necessary to prevent disclosure of matters occurring before the grand jury."). These requirements advance the important public and private interests served by the grand jury secrecy requirement contained in Federal Rule of Criminal Procedure 6(e). *See, e.g.*, *United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 424 (1983). At the same time, Rule 6(e) permits the Court to authorize the disclosure of a grand-jury matter "preliminarily to or in connection with a judicial proceeding." Fed. R. Crim. P. 6(e)(3)(E). The government must secure permission from a court overseeing a grand jury investigation before disclosing materials protected under Rule 6(e) to another district court. *See In re Sealed Case*, 250 F.3d 764, 768-70 (D.C. Cir. 2001).

The government requests the Court to permit the disclosure of all information related to the conflicts hearing preliminarily to or in connection with its anticipated motion for a *Garcia* hearing in the Florida case.

A proposed order granting the government's motion is attached.

Respectfully submitted,

JACK SMITH

Special Counsel
N.Y. Bar No. 2678084

By:   */s/ Cecil VanDevender*
Cecil VanDevender (Tenn. Bar No. 029700)
John M. Pellettieri (N.Y. Bar No. 4145371)
James I. Pearce (N.C. Bar No. 44691)
Assistant Special Counsels

July 30, 2023

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

|                                         |   |                          |
| --------------------------------------- | - | ------------------------ |
|                                         | ) |                          |
| IN RE GRAND JURY SUBPOENA               | ) | CASE NO. 23-gj-46        |
| GJ 42-67                                | ) |                          |
|                                         | ) | UNDER SEAL               |
|                                         | ) |                          |
|                                         | ) | GRAND JURY NO. 22-6      |
|                                         | ) |                          |

<u>**PROPOSED ORDER AUTHORIZING DISCLOSURE**</u>

The government has filed a motion seeking authorization to disclose to the court in *United States v. Donald J. Trump, Waltine Nauta, and Carlos De Oliveira*, No. 23-cr-80101 (S.D. Fla.) ("Florida case") all information related to the conflicts hearing that this Court held in the above-captioned matter. On June 27, 2023, with this Court's permission, the government notified the court in the Florida case that it had filed a motion in this Court requesting a hearing to inquire into potential conflicts of interests arising from attorney Stanley Woodward, Jr.'s representation of ████ ████, who was then a target of an ongoing grand jury investigation in this District, and Waltine Nauta, a defendant charged in the Florida case. This Court then held a conflicts hearing on June 30 and July 5, 2023, resulting in the appointment of First Assistant Federal Public Defender ████████ to represent ████ going forward.

The government now seeks to disclose all information relating to the conflicts hearing, including the timing and results of the hearing, and any filings, orders, or transcripts associated therewith, preliminarily to or in connection with a motion that it intends to file in the Florida case. Specifically, the government states that it intends

to move for a hearing—referred to in the Eleventh Circuit as a *Garcia* hearing, *see United States v. Garcia*, 517 F.2d 272 (5th Cir. 1975)—to inquire into potential conflicts arising from Woodward's representation of Nauta during a trial at which ███, his former client, is expected to testify against Nauta and be subject to cross-examination about false statements ███ made during the time that Woodward represented him.

By Local Rule of this Court, because the conflicts hearing was "in connection with a grand jury subpoena or other matter occurring before a grand jury," all "papers filed in support of or in opposition to [the] motion" were "filed under seal," and all hearings were "closed." D.D.C. LCrR 6.1. Accordingly, the requested information must not be made public except by order of the Court. *See id.* ("Papers, orders and transcripts of hearings subject to this Rule, or portions thereof, may be made public by the Court on its own motion or on motion of any person upon a finding that continued secrecy is not necessary to prevent disclosure of matters occurring before the grand jury."). These requirements advance the important public and private interests served by the grand jury secrecy requirement contained in Federal Rule of Criminal Procedure 6(e). *See, e.g.*, *United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 424 (1983) ("[I]f preindictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony. Moreover, witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as to inducements. There also would be the

risk that those about to be indicted would flee, or would try to influence individual grand jurors to vote against indictment. Finally, by preserving the secrecy of the proceedings, we assure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule." (quoting *Douglas Oil v. Petrol Stops Northwest*, 441 U.S. 211, 218 (1979)). *See also McKeever v. Barr*, 920 F.3d 842, 844-45 (D.C. Cir. 2019) (articulating the "vital interests" safeguarded by Federal Rule of Criminal Procedure 6(e)).

At the same time, Rule 6(e) permits the Court to authorize the disclosure of a grand-jury matter "preliminarily to or in connection with a judicial proceeding." Fed. R. Crim. P. 6(e)(3)(E). The government must secure permission from a court overseeing a grand jury investigation before disclosing materials protected under Rule 6(e) to another district court. *See In re Sealed Case*, 250 F.3d 764, 768-70 (D.C. Cir. 2001). Here, the Court finds that disclosure of all information related to the conflicts hearing conducted by this Court on June 30 and July 5, 2023 will assist the court in the Florida case in addressing the government's anticipated motion for a *Garcia* hearing.

To ensure adherence to Local Criminal Rule 6.1, Federal Rule of Criminal Procedure 6(e), and the interests underlying those rules, it is:

**ORDERED** that the government is authorized to disclose to the court in the Florida case all information related to the conflicts hearing conducted by this Court on June 30 and July 5, 2023.

**IT IS SO ORDERED.**

DATE: JULY ___, 2023.

_____

JAMES E. BOASBERG
CHIEF JUDGE