UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IN RE GRAND JURY SUBPOENA | ) ) ) ) ) | Case No. 23 -gj 46<br><br>UNDER SEAL |

## MOTION FOR DISCLOSURE

On June 27, 2023, the Special Counsel's Office filed a Motion in this matter asking the Court to hold a conflict's hearing concerning defense counsel's representation of ▇▇▇ in grand jury proceedings in this District as well as Defendant Waltine Nauta in an action in the Southern District of Florida.  *See United States v. Trump*, No. 23-80101-CR.  Defense counsel filed a response on June 30, 2023, and the Court held successive hearings on June 30, 2023, and then again on July 5, 2023, at which it appointed First Assistant Federal Public Defender ▇▇▇ ▇▇▇ to advise ▇▇▇ concerning the fact that the Special Counsel's Office had informed ▇▇▇ that he was a target of an investigation by the Special Counsel's Office into whether ▇▇▇ provided false testimony to the grand jury and because the Special Counsel's Office believed that if ▇▇▇ corrected his testimony that it would incriminate Mr. Nauta.  Following such appointment, the Court advised that it considered the matter concluded.

On August 2, 2023, the Special Counsel's Office filed a Motion with the District Court in the Southern District of Florida requesting that the judge presiding over Mr. Nauta's case hold a *Garcia* hearing to assess whether Mr. Nauta has been advised of his rights, including the right to conflict free counsel.  In its motion, the Special Counsel's Office advised the presiding judge, referring to ▇▇▇ as Trump Employee 4, that, it had previously advised defense counsel that his concurrent representation of Trump Employee 4 and Mr. Nauta "raised a potential

conflict of interest"; that the Special Counsel's Office, "believed Trump Employee 4 had information that would incriminate Nauta"; and that defense counsel had informed the Special Counsel's Office that, "he was unaware of any testimony that Trump Employee 4 would give that would incriminate Nauta and had advised Trump Employee 4 and Nauta of the [Special Counsel's] position about a possible conflict." Mot. at 3, *United States v. Trump*, No. 23-cr-80101 (S.D. Fl. Aug. 2, 2023) (ECF No. 97). In addition, the Special Counsel's Office advised the presiding judge both that, "[o]n June 8, 2023, a grand jury in [the Southern District of Florida] returned a 38-count indictment [and that] [t]he grand jury in this district *and a grand jury in the District of Columbia continued to investigate* further obstructive activity . . . ." *Id.* at 2 (emphasis added), as well as that, "Trump Employee 4 retained new counsel on July 5, 2023, and on July 27, 2023, the grand jury returned a superseding indictment . . . charging [Mr. Nauta] with obstruction-of-justice offenses stemming from their attempt to have Trump Employee 4 delete security camera footage at Mar-a-Lago." *Id.* at 3. The Special Counsel's Office thus publicly referenced ongoing grand jury proceedings and publicly insinuated, although did not directly say, that ▬▬▬▬▬ provided the basis for the new allegations in the superseding indictment.

On August 7, 2023, the district court entered an order directing the parties to brief, "the legal propriety of using an out-of-district grand jury proceeding to continue to investigate and/or to seek post-indictment hearings on matters pertinent to the instant indicted matter in this district." Order at 2, *United States v. Trump*, No. 23-cr-80101 (S.D. Fl. Aug. 7, 2023). Defense counsel responded on behalf of Mr. Nauta on August 17, 2023, and submitted that it was improper of the Special Counsel's Office to continue to utilize a grand jury in this District to investigate matters for which the Special Counsel's Office had already concluded venue was

proper in the Southern District of Florida. *See* U.S. Dept. Justice, Justice Manual § 9-11.121 ("A case should not be presented to a grand jury in a district unless venue for the offense lies in that district."). Other than to quote from the Special Counsel's Office briefing, defense counsel did not otherwise reference the proceedings before this Court.

On August 22, 2023, the Special Counsel's Office filed a reply in support of its motion requesting a *Garcia* hearing. *Inter alia*, the Special Counsel's Office selectively quoted from defense counsel's June 30, 2023, sealed submission to this Court: "Mr. Woodward raised no objection to proceeding in the District of Columbia regarding Trump Employee 4"; "In fact he responded that he 'welcome[d] the Court's inquiry into [his] representation of' Trump Employee 4"; defense counsel, "asserted that he had no 'information to support the [Special Counsel's Office] claim that [Trump Employee 4] did provide conflicting information to the grand jury such that could expose him to criminal charges, he has other recourse besides reaching a plea bargain with the [Special Counsel's Office]. Namely he can go to trial with the presumption of innocence and fight the charges against him'"; and, "According to Mr. Woodward, if Trump Employee 4 'wishes to become a cooperating . . . witness, he has already been advised that he may do so at any time.'" Reply at 4, *United States v. Trump*, No. 23-cr-80101 (S.D. Fl. Aug. 22, 2023) (ECF No. 129). Defense counsel is not aware of any order from this Court authorizing the disclosure of defense counsel's sealed filing.

Moreover, the Special Counsel's Office went on to advise the district court:

> Chief Judge Boasberg made available independent counsel . . . to provide advice to Trump Employee 4 regarding potential conflicts. On July 5, 2023, Trump Employee 4 informed Chief Judge Boasberg *that he no longer wished to be represented by Mr. Woodward* and that, going forward, he wished to be represented by the First Assistant Federal Defender. *Immediately after receiving new counsel,* Trump Employee 4 retracted his prior false testimony and provided information that implicated Nauta . . . in efforts to delete security camera footage, as set forth in the superseding indictment.

*Id.* (emphasis added).

In so doing, the Special Counsel's Office has now deliberately misled the presiding judge concerning the sequence of events concerning ▮▮▮▮▮'s appointment of counsel by this Court and publicly insinuated that ▮▮▮▮▮'s purportedly false testimony was somehow intentionally solicited to impede the Special Counsel's investigation.

Rule 6(e) of the Federal Rules of Criminal Procedure permit this Court to authorize the disclosure of a grand jury matter, "preliminarily to or in connection with a judicial proceeding." Fed. R. Crim. P. 6(e)(3)(E). In addition, authorization is required to disclose grand jury proceedings in one district to a court in another district. *See In re Sealed Case*, 250 F.3d 764, 768-70 (D.C. Cir. 2001). Because the full record of proceedings before this Court – including the transcripts of the hearings the Court held – will correct the Special Counsel's Office's deliberate misrepresentations, defense counsel respectfully requests the Court unseal the proceedings before it, save for the redaction of any reference to ▮▮▮▮▮. Alternatively, defense counsel requests the Court authorize the sealed disclosure of the record in this matter, including transcripts of the hearings held by the Court, to the district court presiding over Mr. Nauta's action.

Dated: August 25, 2023

Respectfully submitted,

　　　*/s/ Stanley E. Woodward, Jr.*　　　
Stanley E. Woodward, Jr. (997320)
BRAND WOODWARD LAW, LP
400 Fifth Street Northwest, Suite 350
Washington, District of Columbia  20001
202-996-7447 (telephone)
202-996-0113 (facsimile)
stanley@brandwoodwardlaw.com

*Counsel for Defendant Waltine Nauta*

**Certificate of Electronic Service**

I hereby certify that on August 25, 2023, I electronically submitted the foregoing, via electronic mail, to counsel of record.

Respectfully submitted,

/s/ Stanley E. Woodward, Jr.
Stanley E. Woodward, Jr. (*pro hac vice*)
BRAND WOODWARD LAW, LP
400 Fifth Street Northwest, Suite 350
Washington, District of Columbia  20001
202-996-7447 (telephone)
202-996-0113 (facsimile)
stanley@brandwoodwardlaw.com

*Counsel for Defendant Waltine Nauta*